Before the Third Division, February 11, 1948

**No. 52174.**—Schenley Import Corp. *v.* United States, protest 117764–K (San Francisco).

Opinion by Johnson, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

**No. 52175.**—Glenram Wine & Liquor Corp. *v.* United States, protest 124035–K (New York).

Opinion by Johnson, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

**No. 52176.**—Acme Sales & Import Co. et al. *v.* United States, protests 124700–K, etc. (Boston).

Opinion by Johnson, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

**No. 52177.**—Joseph S. Finch & Co. et al. *v.* United States, protests 124733–K, etc. (Pittsburgh).

Opinion by Johnson, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of

destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers. The protests were sustained to this extent.

**No. 52178.**—McKesson & Robbins, Inc., et al. *v.* United States, protests 127561–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), and that the quantities reported by the inspector as not landed were not in fact landed. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it pertains to the quantities reported by the inspector as not landed, is subject to an allowance in duties and internal revenue taxes. The protests were sustained to this extent.

**No. 52179.**—Iwata Trading Co. et al. *v.* United States, protests 921513–G, etc. (San Francisco).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the incense or joss stick is similar in all material respects to that the subject of *Woolworth* v. *United States* (T. D. 47647) and Abstract 34216, the claim for free entry under paragraph 1703 was sustained.

FEBRUARY 16, 1948

**No. 52180.**—C. J. Tower & Sons *v.* United States, protest 106445–K.—■■■■■—C. D. 1077. Motion of Government for rehearing denied.

BEFORE THE FIRST DIVISION, FEBRUARY 19, 1948

**No. 52181.**—Garrard Sales Corp. et al. *v.* United States, protests 11686–K, etc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise consists of record changer units similar in all material respects to those the subject of *Garrard Sales Corp.* v. *United States* (35 C. C. P. A. 39, C. A. D. 369). In accordance therewith the claim of the plaintiffs was sustained.

**No. 52182.**—Pilot Radio Corp. et al. *v.* United States, protests 131934–K, etc. (New York).